UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID ROMERO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NEWMONT USA LIMITED,<br><br>　　　　　Defendant. | Case No. 3:12-cv-00567-MMD-WGC<br><br>ORDER<br><br>(Motion to Dismiss Amended Complaint – dkt. no. 9) |

**I.　SUMMARY**

Before the Court is Defendant's Motion to Dismiss Amended Complaint (dkt. no. 9). For the reasons discussed below, the motion is granted.

**II.　BACKGROUND**

Plaintiff David Romero alleges that he was employed by Defendant Newmont USA Limited ("Newmont") as a "senior supervisor." (Dkt. no. 4.) According to Plaintiff, he was directed to construct a retaining wall in a way that would violate "mine safety and health law." (*Id.* at 2.) Plaintiff alleges that he "refused the order and instead constructed the retaining wall safely," which resulted in his termination one month later. (*Id.*)

In the Amended Complaint, Plaintiff brings a claim for tortious discharge, arguing that he was "terminated for engaging in conduct protected by important public policy as reflected in mine safety and health statutes and regulations." (*Id.*) He asks for declaratory relief that his rights have been violated, injunctive relief enjoining Newmont

to reinstate him to his prior position, and an award of punitive damages. Newmont now moves for dismissal.

### III.     LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

///

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

## IV. ANALYSIS

As the Nevada Supreme Court has explained, "[a]n employer commits a tortious discharge by terminating an employee for reasons [that] violate public policy." *D'Angelo v. Gardner*, 107 Nev. 704, 712 (Nev. 1991). The Nevada Supreme Court does not recognize tortious discharge actions by at-will employees except in "those rare and exceptional cases where the employer's conduct violates strong and compelling public policy." *Wayment v. Holmes*, 112 Nev. 232, 236 (1996) (citations omitted). Not all terminations contrary to public policy necessarily implicate a "strong and compelling public policy." *See, e.g., Sands Regent v. Yalgardson*, 777 P.2d 898, 899 (Nev.1989) (finding that Nevada has a public policy against age discrimination but that it is not sufficiently "strong or compelling"). Terminating an at-will employee for insubordination is not contrary to public policy. *See Wayment v. Holmes*, 912 P.2d 816, 819 (Nev.1996). Finally, recovery for tortious discharge is not permitted under Nevada law where there are mixed motives for the termination. *Allum v. Valley Bank of Nev.*, 970 P.2d 1062, 1066 (Nev.1998). The protected activity must have been the sole proximate cause of the termination. *Id.*

The Amended Complaint does not offer any facts in support of its blanket assertion that there is an "important public policy" at issue in this case. Plaintiff alleges that, in defiance of Newmont's orders, he constructed a wall in compliance with "mine safety standards" and was consequently terminated under the pretext of insubordination. (Dkt. no. 4 at 2.) The Amended Complaint states that Plaintiff's conduct is "protected by important public policy as reflected in mine safety and health statutes and regulations." (*Id.*) The Amended Complaint does not describe the public policy at issue or provide any facts to support its assertion that Plaintiff was terminated solely because of the

construction method he employed. Such vague allegations amount to recitation of the elements supported by conclusory statements and are not sufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.[1]

Defendant also argues that the Amended Complaint should be dismissed because MSHA provides a statutory remedy. The Nevada Supreme Court "will not recognize a claim for tortious discharge when an adequate statutory remedy already exists, as it would be unfair to a defendant to allow additional tort remedies under such circumstances." *Ozawa v. Vision Airlines, Inc.*, 125 Nev. 556, 561 (Nev. 2009) (*citing D'Angelo*, 107 Nev. at 720). Defendant's argument thus hinges on whether a remedy was available to the Plaintiff under MSHA. The Court need not consider this argument, or Defendant's remaining arguments, here because Plaintiff has not met the pleading requirements of *Iqbal*.

## V. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (dkt. no. 9) is GRANTED. Plaintiff's claim is dismissed without prejudice.

DATED THIS 9th day of September 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's opposition states that Nevada has a strong interest in its "healthy and robust" mining industry and that the state legislature "found mine safety to be so important" that it enacted a statute that empowers a state administrator to adopt mine health and safety regulations that may provide more protection than the Federal Mine Safety and Health Act ("MSHA"). (Dkt. no. 13 at 3.) While Plaintiff argues that "[t]his is the important public policy" he asserts, it is not articulated in the Amended Complaint.